THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Global Cooling, Inc.,** : | Case No. 2:11-cv-1083 |
|       **Plaintiff,** : | |
| -vs- : | District Judge: George C. Smith |
| : | |
| **E.C. Sagittar BV, et al.,** : | Magistrate Judge: Mark Abel |
|       **Defendants.** : | |

## AGREED PROTECTIVE ORDER

The parties to this action hereby stipulate through their respective counsel to the following Agreed Protective Order:

1. **Confidential Information.** Certain documents and other materials subject to discovery during the course of this litigation may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and thereby made subject to the provisions of this Agreed Order when produced by a party to this case. All materials so marked shall remain confidential both during and after the disposition of this case and shall be used solely for the purpose of this case and any appeal.

2. **Description of Confidential Information**. The parties agree that documents and information designated CONFIDENTIAL may include, but are not limited to, the following types of information that are in the possession of the requesting party: intellectual property, trade secrets, know-how, confidential commercial information, technical specifications, drawings, prototypes, confidential financial information, marketing strategy information, customer information and any other information maintained in confidence by the designating party and not disclosed to or generally known by the public.

3. **Description of Highly Confidential Information.** The parties agree that documents and information designated HIGHLY CONFIDENTIAL may include, but are not limited to, the following types of information that are not in the possession of the requesting party: intellectual property, trade secrets, know-how, confidential commercial information, technical specifications, drawings, prototypes, confidential financial information, marketing strategy information, customer information and any other information maintained in confidence by the designating party and not disclosed to or generally known by the public.

This designation is reserved for highly sensitive information, the disclosure of which has a high potential for causing damage to the designating party or for providing a competitive advantage to the receiving party.

4. **Disclosure of CONFIDENTIAL Information.** *CONFIDENTIAL -- Disclosure Only to Parties, Their Counsel and Witnesses*. Documents and information designated

CONFIDENTIAL (including all copies thereof) shall be disclosed to, and utilized by, only the following persons:

(i) employees of the receiving party who are required in good faith to provide assistance in the conduct of the litigation;

(ii) the parties' inside counsel, outside counsel and counsel's partners, associates, associated counsel, paralegals, and secretarial, clerical personnel, persons requested to furnish photocopying, coding, scanning, mock trial, jury profiling, and creation of databases;

(iii) persons who prepared or assisted in the preparation of such documents or information or to whom the documents or information were addressed or delivered;

(iv) actual or prospective expert witnesses interviewed or retained by counsel for a party to help prepare for and/or testify at trial of this action; and

(v) the Court or arbitrator.  Any CONFIDENTIAL documents or information filed with the Court shall be filed under seal as provided in Section 8 and subject to further order of the Court.

5. **Disclosure of HIGHLY CONFIDENTIAL Information.**  Documents and information designated HIGHLY CONFIDENTIAL (including all copies thereof) shall be disclosed to, and utilized by, only the following persons:

(i) the parties' outside counsel and counsel's partners, associates, associated counsel, paralegals, and secretarial, clerical personnel, persons requested to furnish photocopying, coding, scanning, mock trial, jury profiling, and creation of databases;

(ii) actual or prospective expert witnesses interviewed or retained by counsel for a party to help prepare for and/or testify at trial of this action; and

(iii) the Court or mediator.  Any HIGHLY CONFIDENTIAL documents or information filed with the Court shall be filed under seal as provided in Section 8 and subject to further order of the Court.

6. **Disclosure to Others Requires Consent.**  If counsel for any party shall believe it necessary, for the purpose of this litigation only, to disclose materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by the other party to any person other than those designated in paragraphs 4 and 5, counsel shall not do so without first obtaining written permission from counsel for the party that designated the materials.

7. **Precondition to Disclosure.**  Before making disclosure to any of the persons designated in paragraphs 4 or 5, the disclosing party's counsel shall first inform such person of the terms of this Order.  Before making disclosure to any of the such persons, the disclosing party's counsel shall obtain the written agreement of such person that he/she is bound by the terms of this Agreed Order.

The requirement of obtaining such written agreement shall be satisfied by signing the acknowledgment attached hereto as Exhibit 1.

The requirement of obtaining such written acknowledgement is satisfied with respect to outside counsel's partners, associates, associated counsel, paralegals, and secretarial and clerical personnel by counsel's execution of this Agreed Order. Counsel obtaining such agreements shall retain them and make them available to counsel for the other party upon request.

8.    **Filing Under Seal.**  A party who desires to file any material under seal shall first seek leave of the Court and may designate in general terms the nature of the material and the reason why such sealing is required, and shall provide an actual copy of such material to the other party at the time such leave is requested. All such material shall be subject to the requirements of this Order.

9.    **Use of Confidential Information**.  All persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information are disclosed pursuant to this Agreed Order shall:

(a)    not permit such documents or information to leave his or her personal custody or control, except at the request of counsel;

(b)    not reveal such documents or information to any person not already subject to the terms of this Agreed Order;

(c)    not reveal or use such documents or information except for the purpose of assisting counsel to prepare this litigation for trial and appeal; and

(d)    return promptly to counsel all copies of such documents or information entrusted to him or her when no longer required for that purpose.

10.    **Resolution of Designation Disputes**.  The party asserting confidentiality shall, in the first instance, determine whether any document or information constitutes or contains CONFIDENTIAL or HIGHLY CONFIDENTIAL information, and that party may designate appropriate documents, interrogatory answers, admission, deposition transcripts, transcripts of proceedings, or other information contained in motions, declarations, affidavits, briefs, memoranda or other materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Should the other party to this proceeding object to such designation, that party may petition the Court to de-classify the designated information. The burden of proof shall remain on the party that designated the information, except to the extent that the challenging party is asserting the challenge based on a claim that it is already in possession of the HIGHLY CONFIDENTIAL information. In such case, it shall be the challenging party who is required to show that it is already in possession of such information, requiring a change in designation.

Any documents or information whose designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL is disputed shall nevertheless be treated in accordance with its designation and subject to protection under this Agreed Order until such time as the Court determines otherwise.

To assist the Court in making such determination, the parties agree that no document or information is entitled to any protection under this Agreed Order if: it is in the public domain at the time of disclosure; becomes part of the public domain with no breach of any obligations to or for the benefit of the Producing Party; or is received by the Receiving Party lawfully at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. **Inadvertent Failure to Designate.** If, through inadvertence, a producing party provides any material containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information without designating the material as such, whether by document production or deposition testimony, the producing party may subsequently inform the receiving party in writing of the confidential status of the material and designate the appropriate level of confidentiality. The receiving party shall thereafter treat the disclosed material as confidential, in accordance with the written notification of the inadvertent disclosure. The receiving party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a confidentiality designation of such designation and of this Order, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the protected designation. Any documents for which a claim of attorney-client privilege or work product protection is asserted that are inadvertently disclosed shall immediately be returned by the receiving party, and the receiving party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information.

12. **Protective Order Not Construed as Admission.** Nothing in this Agreed Protective Order shall be construed to affect in any way the admissibility at trial of any documents, testimony or other evidence, nor shall any such designation be construed as an admission by the receiving party that such information is a trade secret or confidential information.

13. **Provisions of Protective Order Binding After Final Determination.** After the final determination of this action, the restrictions on communications, use and disclosure provided for in the Agreed Protective Order shall continue to be binding upon the parties and all other persons who have agreed to be bound by this Agreed Protective Order, except to the extent that any documents or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Agreed Order rightfully become a part of the public domain.

The Court retains jurisdiction to make such amendments, modifications, and additions to this Agreed Protective Order as the Court may from time to time deem appropriate on its own motion or that of any party.

14. **Return of Confidential Materials.** After the final determination of this action and any appeals pertinent to it, counsel for each party shall return all documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Agreed Order (including all copies thereof) to counsel for the party that so designated the documents and information. Alternatively, counsel may agree to accept a certification that all CONFIDENTIAL or HIGHLY CONFIDENTIAL materials of the party it represents have been destroyed by the other party.

15. **Right to Seek Relief.** This Order is without prejudice to the right of a party to seek relief from the Court from any provision herein.  A party shall not be obligated to challenge the propriety of a confidential designation and a failure to do so shall not preclude a subsequent challenge of the propriety of such designation.  If the parties are unable to resolve any challenge of confidentiality by agreement within ten (10) days after receipt of challenge notice by the Designating Party, the Receiving Party may at any time thereafter challenge the Confidential status of the materials or information in a motion to the Court.

**IT IS SO ORDERED** this 21st day of May, 2012.

s/Mark R. Abel
**United States Magistrate Judge**

**SO STIPULATED:**

s/ *Richard D. Rogovin*
**RICHARD D. ROGOVIN     (0022002)**
**STEVEN LEE SMITH          (0012368)**
*Attorneys for Plaintiff*

s/ *Matthew S. Teetor*
**J. STEPHEN TEETOR       (0023355)**
**MATTHEW S. TEETOR      (0087009)**
**GREGORY S. TAMKIN**
**SCOTT P. SINOR**
*Attorneys for Defendants*

EXHIBIT 1

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Global Cooling, Inc.,** | : | **Case No. 2:11-cv-1083** |
| **Plaintiff,** | : | |
| -vs- | : | **District Judge: George C. Smith** |
| | : | |
| **E.C. Sagittar BV, et al.,** | : | **Magistrate Judge: Mark Abel** |
| **Defendants.** | : | |

## ACKNOWLEDGMENT

The undersigned acknowledges that he or she has read the Agreed Protective Order in the above-captioned case and agrees to be bound by its terms and that he or she consents to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division in all matters concerning the Agreed Protective Order and this Acknowledgment.

_____
(Signature)

_____
(Printed Name)

_____
(Date)